IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NSI INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> JINHUA FIDGET TOYS CO., LTD., et al., <br><br> Defendants. | Case No. 24-cv-11073 <br><br> **Judge Lindsay C. Jenkins** <br><br> **Magistrate Judge Beth W. Jantz** |

**PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1(a)(2), Plaintiff NSI International, Inc. ("Plaintiff") submits this Statement of Material Facts in Support of the Motion for Summary Judgment against Defendants HONGBING Co.Ltd (Def. No. 33), HUAZAN Co.Ltd (Def No. 35)[1], SIJI Co.Ltd (Def. No. 43), and YISHAO Co.Ltd (Def. No. 50) ("Defendants") (the "Motion").

**UNDISPUTED MATERIAL FACTS**

**Parties, Jurisdiction, and Venue**

1. Plaintiff NSI International, Inc. is a Delaware corporation with its principal place of business at 121 W 27th St, NY, NY 10001. Declaration of Frank Landi Jr. (the "Landi Decl.") at ¶ 3.

2. Plaintiff is a global marketer and manufacturer of creative toy and consumer products. Plaintiff has been creating some of the most popular and innovative toys for many years and Plaintiff's products can be found in thousands of retail locations in more than 30 countries

---

[1] Counsel for Defendant HUAZAN Co.Ltd was granted leave to withdraw his representation on March 27, 2025. [71]. Since that date, no other attorneys or persons have appeared and/or contacted Plaintiff on behalf of Defendant HUAZAN Co.Ltd.

around the globe, including major retailers such as Target, Walmart, and Amazon.com. Landi Decl. at ¶ 4.

3. Defendant HONGBING Co.Ltd is a Chinese entity that operates an e-commerce store on Walmart.com ("Walmart") under the seller alias identified as HONGBING Co.Ltd. [62] at ¶¶ 2, 15; [16-1] at pp. 110-13. Screenshots of Defendant's Walmart e-commerce store are attached to the Landi Decl. as **Exhibit 12** and the Declaration of Jennifer V. Nacht (the "Nacht Decl.") as **Exhibit 1**.

4. Defendant HUAZAN Co.Ltd is a Chinese entity that operates an e-commerce store on Walmart under the seller alias identified as HUAZAN Co.Ltd. [63] at ¶¶ 2, 16; [16-1] at pp. 117-19. Screenshots of Defendant's Walmart e-commerce store are attached to the Landi Decl. as **Exhibit 13** and the Nacht Decl. as **Exhibit 3**.

5. Defendant SIJI Co.Ltd is a Chinese entity that operates an e-commerce store on Walmart under the seller alias identified as SIJI Co.Ltd. [64] at ¶¶ 2, 16; [16-1] at pp. 141-43. Screenshots of Defendant's Walmart e-commerce store are attached to the Landi Decl. as **Exhibit 14** and the Nacht Decl. as **Exhibit 5**.

6. Defendant YISHAO Co.Ltd is a Chinese entity that operates an e-commerce store on Walmart under the seller alias identified as YISHAO Co.Ltd. [65] at ¶¶ 2, 16; [16-1] at pp. 165-67. Screenshots of Defendant's Walmart e-commerce store are attached to the Landi Decl. as **Exhibit 15** and the Nacht Decl. as **Exhibit 7**.

7. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of at least the fully interactive e-commerce stores on Walmart. [16-1] at pp. 110-13, 117-19, 141-43 and 165-67; Nacht Decl. at ¶¶ 2-9; **Exhs 1-8** to the Nacht Decl.; *see* [62] at ¶ 2; [63] at ¶ 2; [64] at ¶ 2; [65] at ¶ 2.

8. Defendant YISHAO Co.Ltd was named as a defendant, under the seller alias as YISHAO Co.Ltd, in *Shenzhen Ruichenxi Technology Co., Ltd. v. The Partnerships And Unincorporated Associations Identified On Schedule A* (N.D. Ill. 24-cv-08709) (Rowland, J.) ("Case No. 24-cv-08709"). In Case No. 24-cv-08709, Defendant YISHAO Co.Ltd was accused of patent infringement. Nacht Decl. at ¶ 21.

9. Defendant SIJI Co.Ltd was named as a defendant, under the seller alias as SIJI Co.Ltd, in *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A* (N.D. Ill. 24-cv-09484) (Alonso, J.) ("Case No. 24-cv-09484"). In Case No. 24-cv-09484, Defendant SIJI Co.Ltd was accused of trademark and copyright infringement. Nacht Decl. at ¶ 22.

10. Defendants target the United States, including Illinois residents, by advertising, offering for sale, and selling infringing and counterfeit products, toys, using Plaintiff's federally registered trademarks on the Walmart.com e-commerce platform without authorization from Plaintiff. [16-1] at pp. 110-13, 117-19, 141-43 and 165-67; Nacht Decl. at ¶¶ 2-3; **Exhibit 1** to the Nacht Decl.; **Exhibit 2** to the Nacht Decl.; Landi Decl. at ¶¶ 18-20; *see* [62] at ¶ 2; [63] at ¶ 2; [64] at ¶ 2; [65] at ¶ 2.

11. The Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331. [1] at ¶¶ 1, 30-35, 37-40; [62] at ¶ 1; [63] at ¶ 1; [64] at ¶ 1; [65] at ¶ 1.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants directly target business activities toward consumers in Illinois and cause harm to Plaintiff's business within this Judicial District. [1] at ¶¶ 1, 30-35, 37-40; [16-1] at pp. 110-13, 117-19, 141-43 and 165-67; Nacht

Decl. at ¶¶ 2-3; Nacht Decl. at ¶¶ 2-9; **Exhs 1-8** to the Nacht Decl.; [15] at ¶¶ 15-16; *see* Landi Decl. at ¶¶ 20-21.

**The Wubble Brand**

13. One of the most popular NSI Products is the WUBBLE bubble ball (the "NSI Products"). Landi Decl. at ¶ 6.

14. The WUBBLE bubble ball, introduced to the market in 2014, is a soft and lightweight bubble toy that looks like a bubble, but plays like a ball. Landi Decl. at ¶ 7.

15. In its debut year, the WUBBLE bubble ball was an instant hit: it was awarded the "Mr. Dad Seal of Approval" by Armin Brott of Mr. Dad, was awarded the 2014 Oppenheim Toy Portfolio Best Toy Award, received the National Parenting Center Seal of Approval, and was selected by Target as a 2014 Top Toy for the Holiday Season. Since then, the WUBBLE bubble ball has won several other industry awards, including the "FamilyFun Toy of the Year" and the "Scholastic Gold Star Toy." Landi Decl. at ¶ 8.

16. In 2018, WUBBLE bubble ball videos posted on YouTube collectively garnered over one billion views and one million likes from over 30 countries. Landi Decl. at ¶ 10.

17. To date, over 80 million WUBBLE bubble balls have been sold worldwide. Landi Decl. at ¶ 11.

18. NSI Products, including the WUBBLE bubble ball, are distributed and sold to consumers through retailers throughout the United States, including through authorized retailers in Illinois, through authorized online retailers like Target.com and Kohls.com, and through websites such as wubbleball.com. Sales of NSI Products via wubbleball.com and other authorized websites are significant, and feature proprietary content, images, and designs exclusive to Plaintiff. Landi Decl. at ¶ 5; *see* **Exhibit 1** to the Landi Decl.; *see* **Exhibit 2** to the Landi Decl.

19. WUBBLE bubble ball toys are sold on Plaintiff's Amazon storefront for $23.98, as shown in Figure 1 below. Landi Decl. at ¶ 12, *see* **Exhibit 1** to the Landi Decl.



*Figure 1*

**The WUBBLE Trademark**

20. Plaintiff has registered many of its trademarks with the U.S. Patent and Trademark Office on the Principal Register, including, but not limited to, the below registration (the "WUBBLE Trademark"). Landi Decl. at ¶ 13.

| REGISTRATION NO. | TRADEMARK |
|---|---|
| 4,728,740 | WUBBLE |

21. The above U.S. registration for the WUBBLE Trademark is valid, subsisting, in full force and effect, and incontestable pursuant to 15 U.S.C. § 1065. Landi Decl. at ¶ 14.

22. The WUBBLE Trademark has been used exclusively and continuously by Plaintiff and has never been abandoned. At all relevant times, Plaintiff has been and still is the owner of all rights, title, and interest in the WUBBLE Trademark, which has never been assigned, licensed, or otherwise transferred to Defendants. Landi Decl. at ¶ 16.

5

23. The WUBBLE Trademark is used to advertise, promote, and market NSI Products. Landi Decl. at ¶ 15; *see* **Exhibit 1** to the Landi Decl., *see* **Exhibit 2** to the Landi Decl.

24. Plaintiff has spent substantial time, money, and other resources in developing, advertising, and otherwise promoting the WUBBLE Trademark and NSI Products. Landi Decl. at ¶ 17.

**Defendants' Counterfeit Products**

25. Defendants advertised, offered for sale, and sold bubble ball toys using the WUBBLE Trademark (the "Counterfeit Products") on their Walmart stores. The Counterfeit Products are bubble ball toys offered for sale and sold for between $8.17 and $11.49. The product listing title of each of the Counterfeit Products includes infringing and counterfeit reproductions of Plaintiffs WUBBLE Trademark. *Figures 2 - 5*; [16-1] at pp. 110-13, 117-19, 141-43 and 165-67; Landi Decl. at ¶¶ 19-21; **Exhibits 12 - 15** to the Landi Decl.



*Figure 2 (HONGBING Co.Ltd)*

6



Figure 3 (HUAZAN Co.Ltd)



Figure 4 (SIJI Co.Ltd)

*Figure 5 (YISHAO Co.Ltd)*

26. Specifically, as shown in *Figures 2-5* above, each of the Defendants sold "bubble balls" using the WUBBLE Trademark in the product titles. [16-1] at pp. 110-13, 117-19, 141-43 and 165-67; Landi Decl. at ¶ 19; **Exhibits 12** - **15** to the Landi Decl.

27. Frank Landi Jr. is President and CEO of Plaintiff NSI International, Inc., and is knowledgeable about or has access to business records concerning all aspects of the brand protection operation of Plaintiff including, Plaintiff's trademarks, other intellectual property, sales, on-line sales, advertising, marketing and media coverage. Landi Decl. at ¶ 2.

28. Mr. Landi supervises, and directs investigations related to internet-based infringement of Plaintiff's intellectual property, including the WUBBLE Trademark. Landi Decl. at ¶ 2.

29. The success of the Wubble brand has resulted in significant counterfeiting of the WUBBLE Trademark. Consequently, Plaintiff has a worldwide anti-counterfeiting program and

regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. Landi Decl. at ¶ 20.

30. As part of its worldwide anti-counterfeiting program, Plaintiff has continuously and actively enforced its trademark rights, including filing trademark infringement and counterfeiting lawsuits. Landi Decl. at ¶ 21; *see* [1].

31. Under Mr. Landi's direction, Defendant HONGBING Co.Ltd's e-commerce store operating under the seller alias identified as HONGBING Co.Ltd was analyzed and it was determined Defendant HONGBING Co.Ltd infringed Plaintiff's WUBBLE Trademark by advertising, offering for sale, and selling the Counterfeit Products. Landi Decl. at ¶ 18.

32. On September 1, 2024, Plaintiff's investigators ordered the Counterfeit Product from Defendant HONGBING Co.Ltd, entered an Illinois address (which was Plaintiff's counsel's address) as the shipping address, and paid for the Counterfeit Product. [16-1] at pp. 110-13; Nacht Decl. at ¶¶ 2-3; **Exhibit 1** to the Nacht Decl.; **Exhibit 2** to the Nacht Decl.; *See* [62] at ¶ 2.

33. Plaintiff's investigators received an order confirmation (Order No. 2000122-04816810) and subsequent e-mails confirming that the Counterfeit Product had shipped to the Illinois address. Nacht Decl. at ¶¶ 2-3; **Exhibit 2** to the Nacht Decl.; *see* [16-1] at pp. 110-13.

34. Plaintiff has not licensed or authorized Defendant HONGBING Co.Ltd to use the WUBBLE Trademark, and Defendant HONGBING Co.Ltd is not an authorized retailer of genuine NSI Products. Landi Decl. at ¶ 18.

35. Under Mr. Landi's direction, Defendant HUAZAN Co.Ltd's e-commerce store operating under the seller alias identified as HUAZAN Co.Ltd was analyzed and it was determined Defendant HUAZAN Co.Ltd infringed Plaintiff's WUBBLE Trademark by advertising, offering for sale, and selling the Counterfeit Products. Landi Decl. at ¶ 18.

36. On September 23, 2024, Plaintiff's investigators ordered the Counterfeit Product from Defendant HUAZAN Co.Ltd, entered an Illinois address (which was Plaintiff's counsel's address) as the shipping address, and paid for the Counterfeit Product. [16-1] at pp. 117-19; Nacht Decl. at ¶¶ 4-5; **Exhibit 3** to the Nacht Decl.; **Exhibit 4** to the Nacht Decl.; *See* [63] at ¶ 2.

37. Plaintiff's investigators received an order confirmation (Order No. 2000122-10229330) and subsequent e-mails confirming that the Counterfeit Product had shipped to the Illinois address. Nacht Decl. at ¶¶ 4-5; **Exhibit 4** to the Nacht Decl.; *see* [16-1] at pp. 117-19.

38. Plaintiff has not licensed or authorized Defendant HUAZAN Co.Ltd to use the WUBBLE Trademark, and Defendant HUAZAN Co.Ltd is not an authorized retailer of genuine NSI Products. Landi Decl. at ¶¶ 18-19.

39. Under Mr. Landi's direction, Defendant SIJI Co.Ltd's e-commerce store operating under the seller alias identified as SIJI Co.Ltd was analyzed and it was determined Defendant SIJI Co.Ltd infringed Plaintiff's WUBBLE Trademark by advertising, offering for sale, and selling the Counterfeit Products. Landi Decl. at ¶ 18.

40. On August 9, 2024, Plaintiff's investigators ordered the Counterfeit Product from Defendant SIJI Co.Ltd, entered an Illinois address (which was Plaintiff's counsel's address) as the shipping address, and paid for the Counterfeit Product. [16-1] at pp. 141-43; Nacht Decl. at ¶¶ 6-7; **Exhibit 5** to the Nacht Decl.; **Exhibit 6** to the Nacht Decl.; *See* [64] at ¶ 2.

41. Plaintiff's investigators received an order confirmation (Order No. 2000121-62239948) and subsequent e-mails confirming that the Counterfeit Product had shipped to the Illinois address. Nacht Decl. at ¶¶ 6-7; **Exhibit 6** to the Nacht Decl.; *see* [16-1] at pp. 141-43.

42. Plaintiff has not licensed or authorized Defendant SIJI Co.Ltd to use the WUBBLE Trademark, and Defendant SIJI Co.Ltd is not an authorized retailer of genuine NSI Products. Landi Decl. at ¶¶ 18-19.

43. Under Mr. Landi's direction, Defendant YISHAO Co.Ltd's e-commerce store operating under the seller aliases identified as YISHAO Co.Ltd was analyzed and it was determined Defendant YISHAO Co.Ltd infringed Plaintiff's WUBBLE Trademark by advertising, offering for sale, and selling the Counterfeit Products. Landi Decl. at ¶ 18.

44. On July 5, 2024, Plaintiff's investigators ordered the Counterfeit Product from Defendant YISHAO Co.Ltd, entered an Illinois address (which was Plaintiff's counsel's address) as the shipping address, and paid for the Counterfeit Product. [16-1] at pp. 165-67; Nacht Decl. at ¶¶ 8-9; **Exhibit 7** to the Nacht Decl.; **Exhibit 8** to the Nacht Decl.; *See* [65] at ¶ 2.

45. Plaintiff's investigators received an order confirmation (Order No. 2000121-53444836) and subsequent e-mails confirming that the Counterfeit Product had shipped to the Illinois address. Nacht Decl. at ¶¶ 8-9; **Exhibit 8** to the Nacht Decl.; *see* [16-1] at pp. 165-6.

46. Plaintiff has not licensed or authorized Defendant YISHAO Co.Ltd to use the WUBBLE Trademark, and Defendant YISHAO Co.Ltd is not an authorized retailer of genuine NSI Products. Landi Decl. at ¶¶ 18, 20.

47. On November 6, 2024, pursuant to the Temporary Restraining Order [22] (the "TRO"), Walmart provided Defendants' contact information, confirmed that the accounts had been restrained, and provided the balances of Defendants' Walmart accounts as shown in Figure 6 below. Nacht Decl. at ¶ 10.

| Defendant | Balance as of Nov. 6, 2024 |
|---|---|
| HONGBING Co.Ltd | $14,757.04 |
| HUAZAN Co.Ltd | $1,258.73 |
| SIJI Co.Ltd | $18,718.73 |

11

| YISHAO Co.Ltd | $11,195.52 |
|---|---|

*Figure 6*

**Defendants' Discovery Responses**

48. On November 25, 2024, pursuant to the TRO, Plaintiff served Defendants with Plaintiff's First Set of Interrogatories, First Set of Requests for Admissions, and First Set of Requests for Production on an expedited basis (collectively, "Plaintiff's First Discovery Requests"). Responses to Plaintiff's First Discovery Requests were due November 29, 2025. Nacht Decl. at ¶ 11.

49. On February 14, 2025, Plaintiff served Defendant with Plaintiff's Second Set of Interrogatories and Second Set of Requests for Production (collectively, "Plaintiff's Second Discovery Requests"). Responses to Plaintiff's Second Discovery Requests were due March 17, 2025. Nacht Decl. at ¶ 6.

50. On March 17, 2025, Defendants' counsel provided Plaintiff with Defendants HONGBING Co.Ltd's, SIJI Co.Ltd's, and YISHAO Co.Ltd's responses to Plaintiff's First Discovery Requests and Plaintiff's Second Discovery Requests. Additionally, Defendants' counsel provided between 11 and 13 pages of document production for each defendant, of which between 5 and 6 pages in each set consisted of the screenshot evidence originally filed as Plaintiff's Exhibit 2 to the Declaration of Frank Landi, Jr. [16-1]; Nacht Decl. at ¶ 13.

51. As part of the above-referenced document production, Defendant HONGBING Co.Ltd produced screenshots including a graph that only indicated sales between September 1 through September 25, 2024, although a date identification block identified a different date range of January 1, 2023 through February 27, 2025. Defendant HONGBING Co.Ltd's production showed Defendant HONGBING Co.Ltd sold and accepted money for at least 2 units of Counterfeit Products. Nacht Decl. at ¶ 14.

52. Defendant HONGBING Co.Ltd has not explained these discrepancies, nor why the currency is shown in AUR, the abbreviation for the Auroracoin cryptocurrency. Defendant HONGBING Co.Ltd did not indicate whether those were the totality of Defendant HONGBING Co.Ltd's sales of Counterfeit Products. The screenshots also did not indicate the identity or location of the purchasers, the shipping addresses, the status of the sales, or the status of the deliveries. Nacht Decl. at ¶ 14.

53. Defendant SIJI Co.Ltd produced screenshots including a graph that only indicated sales between August 9 and August 17, 2024, although a date identification block identified a different date range of January 1, 2023 through February 27, 2025. Defendant SIJI Co.Ltd's production showed Defendant SIJI Co.Ltd sold and accepted money for at least 2 units of Counterfeit Products. Nacht Decl. at ¶ 15.

54. Defendant SIJI Co.Ltd has not explained these discrepancies, nor why the currency is shown in AUR, the abbreviation for the Auroracoin cryptocurrency. Defendant SIJI Co.Ltd did not indicate whether those were the totality of Defendant SIJI Co.Ltd's sales of Counterfeit Products. The screenshots also did not indicate the identity or location of the purchasers, the shipping addresses, the status of the sales, or the status of the deliveries. Nacht Decl. at ¶ 15.

55. Defendant YISHAO Co.Ltd produced screenshots including a graph that only indicated sales between July 5 through July 15, 2024, although a date identification block identified a different date range of January 1, 2023 through February 27, 2025. Defendant YISHAO Co.Ltd's production showed Defendant YISHAO Co.Ltd sold and accepted money for at least 2 units of Counterfeit Products. Nacht Decl. at ¶ 16.

56. Defendant YISHAO Co.Ltd has not explained these discrepancies, nor why the currency is shown in AUR, the abbreviation for the Auroracoin cryptocurrency. Defendant

13

YISHAO Co.Ltd did not indicate whether those were the totality of Defendant YISHAO Co.Ltd's sales of Counterfeit Products. The screenshots also did not indicate the identity or location of the purchasers, the shipping addresses, the status of the sales, or the status of the deliveries. Nacht Decl. at ¶ 16.

57. The above-referenced screenshots were only indicative of sales of one product for Defendants HONGBING Co.Ltd, SIJI Co.Ltd, and YISHAO Co.Ltd (ID 2184981073); Defendants HONGBING Co.Ltd, SIJI Co.Ltd, and YISHAO Co.Ltd did not complete a search for other products that infringe the WUBBLE Trademark or provide Plaintiff a list of its other products that would allow Plaintiff to investigate whether those products infringe the WUBBLE Trademark. Nacht Decl. at ¶ 17.

58. Defendants HONGBING Co.Ltd, SIJI Co.Ltd, and YISHAO Co.Ltd did not provide an accounting for funds restrained in their Walmart accounts. Nacht Decl. at ¶ 18.

59. During discovery, Defendants HONGBING Co.Ltd, SIJI Co.Ltd, and YISHAO Co.Ltd provided Plaintiff with deficient responses and minimal document production. Nacht Decl. at ¶ 19.

60. Defendant HUAZAN Co.Ltd has not responded to discovery in this case. Nacht Decl. at ¶ 20.

**The Vast Reach of Defendant's E-Commerce Store**

61. An August 2024 article by Walmart reported that the Walmart e-commerce platform achieved more than 30% sales growth the past four quarters and the number of e-commerce sales surpassed $100 billion in 2024. Nacht Decl. at ¶ 23.

62. According to the Fiscal Year 2021 U.S. Customs and Border Protection ("CBP") Intellectual Property Seizure Statistics Report, CBP made over 27,000 seizures of goods with

14

intellectual property rights ("IPR") violations totaling over $3.3 billion, an increase of $2.0 billion from 2020. Nacht Decl. at ¶ 24.

| | |
|---|---|
| Dated this 28th day of April 2025. | Respectfully submitted,<br><br>/s/ Justin R. Gaudio<br>Amy C. Ziegler<br>Justin R. Gaudio<br>Rachel S. Miller<br>Jennifer V. Nacht<br>Greer, Burns & Crain, Ltd.<br>200 West Madison Street, Suite 2100<br>Chicago, Illinois 60606<br>312.360.0080<br>312.360.9315 (facsimile)<br>aziegler@gbc.law<br>jgaudio@gbc.law<br>rmiller@gbc.law<br>jnacht@gbc.law<br><br>*Counsel for Plaintiff NSI International, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of April 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Rachel S. Miller
Jennifer V. Nacht
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
rmiller@gbc.law
jnacht@gbc.law

*Counsel for Plaintiff NSI International, Inc.*